The opinion of the court was delivered by
Duncan, J.
The appeal in this case was quashed at the session of this court in June last, because the oath required by the act of the 11th of March, 1809, — that the áppeai was not taken for the purpose of delay, — had not been made. Before the court rose, the appellant moved to reinstate the appeal, (the order to quash being granted, as of course, the affidavit not being taken,) on the ground, that the appellee had dispensed with the affidavit, or waived it, by admitting that the appeal was properly in court.
It will be proper to notice some dates. 18th of September, 1822, decree of the Orphans’ Court. 17th of December, 1822, Appeal entered in the Orphans’ Court. 21st of December, 1822, record filed in this court. May term, 1823, Mr. Buchanan appeared for the appellee. 17th of May, 1824, rule on the part of the appellant to take depositions. 29th of May, 1824, depositions taken. 9th of June, 1824, rule on the part of the appellee to take depositions.
The motion to quash was made at the end of the third term, two years after the appellee had appeared to answer the appeal, and one year after each party had entered rules to take depositions. If the reinstatement is not granted, the party’s right of appeal is gone for ever. For, by the act of the 8th of February, 1819, uo appeal will lie from the confirmation of the account, unless it be -entered within one year. So that the appellee, by laying by, and remaining silent, when he ought to have spoken out, and complained of the want of the affidavit, has for ever foreclosed the appellant. If he had intended to have availed himself of this objection, he ought to have taken it in limine, at May, 1823; when the appellant, had the appeal been quashed for this reason, could have made the affidavit, and renewed his appeal.
It is a well settled rule in this court, that objections to the entry of appeals, where the court has jurisdiction, should be taken in the first instance, before the appellee has done any act, admitting the appeal to be in court. The recognizance of bail, as well as the *106 oath of the appellant, will be waived by coming in, and acting in the appeal. For there could be nothing more unjust, than to suffer a party to act as if a cause was in court, to delay his adversary, until the time arrives in which he could not renew, run him into trouble and expense, and then come out with the objection of some preliminary matter, to put him out of court, as here, for ever. Every man may dispense with an act introduced for his own benefit. The court cannot dispense with the requisitions of the law, but the party may with that which vras provided for his benefit; and, if he has dispensed with it for a time, he shall not afterwards resume it, where the resumption is not merely prejudicial to, but destructive of, the right of his adversary.
The provision of oath, and recognizance of bail, were alike intended for the benefit of the suitor whose cause was delayed, by the application for review either by writ of error or appeal. Every law of a public nature is a matter of general policy, where the provision extends to every individual, who may stand in the relation of a suitor, yet it does not prohibit the suitor from saying, I will not take advantage of this requisition. He may say, I can put you out of court, because you have not complied with the law, in doing a preliminary act, but I will not do it; — I will meet your complaint, and answer it, as if you had; because it would only cause me delay, for you could take the preliminary measure, and bring me into court again. The appeal is the proeess which brings the party into court. Objections such as the present resemble pleas in abatement, which never can be heard after an appearance by attorney, and general imparlance.
This case shows the justice of the uniform doctrine of waiver, which has prevailed in this court; for I do not know any thing that could be more inconsistent with justice, than for a court of justice to tolerate, after this full appearance and acknowledgment that the appeal was in court, continued for years, and until the time had run round, when the partjr could not remedy this slip, (for a slip it must have been, as it was an appeal by one to whom a sum of money is awarded, it could never be taken for the mere purpose of delay,) an appellee to say, I will take advantage of this slip, and silence your complaint for ever. It is, therefore, the opinion of the court, that the appeal be reinstated.
Appeal reinstated.